IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RENE D. RODRIGUEZ | § | CASE NO: 04-20313 |
|     Debtor(s) | § | |
| | § | CHAPTER 13 |

## MEMORANDUM OPINION AND ORDER ON DEBTOR'S OMNIBUS OBJECTION TO CLAIMS OF FORMER CITGO CLIENTS

On this day came on for consideration the Omnibus Objection to Claims of Former Citgo Clients filed by the Debtor, Rene Rodriguez d/b/a Law Offices of Rene Rodriguez ("Debtor"). Nathaniel Peter Holzer appeared on behalf of the Debtor. Patrick James Anderson, Bobby Beasley, Peggy Beasley, Louella Coleman, Mary Thomas Kines (Davis), Hazel McGarity-Johnson, Marta Mireles, Alberto Sifuents, and Beulah M. Waters appeared *pro se*. Louella Coleman attempted to appear on behalf of Todd Provst and Bobby Beasley attempted to appear on behalf of Marcus J. Smith, however neither LouellaColeman nor Bobby Beasley are attorneys and therefore they may not appear on behalf of another individual. The Court, having heard the evidence and arguments of counsel, finds as follows.

### BACKGROUND

The Debtor filed his chapter 11 bankruptcy petition on March 4, 2004, and the case was subsequently converted to chapter 13. The bar date for filing proofs of claim in the chapter 13 case was December 14, 2004. Numerous former clients of the Debtor in litigation against Citgo arising from a fire and explosion in 1997 filed proofs of claim. Among the groups of former clients are those persons who fall into the group known as the neighborhood residents (the "Residents"). The Omnibus Claims Objection before the Court deals with the Resident's claims.

The Resident's claims result from an explosion and fire at the Citgo refinery in Corpus Christi, Texas. Policemen and firemen from the City of Corpus Christi were called to the scene. The incident caused the release of certain chemicals and a number of lawsuits were filed against Citgo by several different attorneys representing thousands of individual clients. The Debtor filed three lawsuits against Citgo, each involving a separate and distinct group of clients: 21 police officers (the "Police Officers"), 7 contractors (the "Contractors"), and 317 neighborhood residents (the "Residents").

The Residents entered into a contingent fee agreement with the Debtor providing for an escalating contingent fee starting at 1/3 percent of any settlement and escalating based on the events in the lawsuit. If the case was settled within 14 days of trial, the contingent fee increased to 40%. The lawsuits were within 14 days of trial on more than one occasion.

The Debtor reached a settlement agreement with Citgo on behalf of all his clients for $317,000 for the Residents and $2,683,000 for the Police Officers and Contractors, for a total settlement of $3 million. The Debtor determined the apportionment of the settlement proceeds among his clients on his own and did not obtain his clients' approval, nor did he notify his clients of his method of calculating distribution. The Debtor deducted all attorneys' fees and expenses from the Police Officers' and Contractors' portion of the settlement and distributed the total amount of the Resident's settlement to the Residents.

The Police Officers claims were tried by this court. The Debtor acknowledged that he participated in an aggregate settlement of the claims and did not secure his clients' informed consent to the aggregate settlement as required by the Texas Disciplinary rules of Professional Conduct. This court awarded the Police Officers damages for breach of contract, breach of fiduciary duties and a partial fee forfeiture under Texas law, relying on *Burrows v. Arce*, 997 S.W. 2d 229 (Tex. 1999). The Police Officers did not contest the amount of the settlement, only the manner of distribution and the payment of fees and expenses from their portion of the settlement.

The Debtor likewise admits that he failed to follow the disclosure requirements in executing an aggregate settlement for the Residents. Debtor admits that he violated the duty to provide a settlement statement upon resolving the lawsuit. Approximately 60 Residents filed proofs of claim in the Debtor's bankruptcy case. The Debtor filed his Omnibus Objection to all claims filed by Residents. A hearing was held and only a portion of the Residents who filed claims appeared. None of the Residents were represented by counsel.

## DISCUSSION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157.

The Bankruptcy Rules define a proof of claim as a "written statement setting forth a creditor's claim." Rule 3001, Fed. R.Bankr.P. A proof of claim must conform with the official form, which requires that the claim be in writing, set forth the creditor's claim and amount, be executed by the creditor or an authorized agent, attach documents or other writings supporting the claim or evidencing any property or interest securing that claim, and attach documents evidencing perfection of any security interest. Rule 3001, Fed.R.Bankr.P.. Official Form 10.

A proof of claim conforming to the rules is prima facie evidence of the validity and amount of the claim. Rule 3001(f), Fed.R.Bankr.P. In this case, however, the Debtor properly objected to the Resident's claims pursuant to Rule 3007, Fed.R.Bankr.Pro.

At the hearing, only the nine Residents listed above appeared. Some of the Residents attempted to enter an appearance on behalf of another resident, but the court finds that a non-attorney may not represent another individual. None of the Residents were represented by counsel. None of the Residents presented any evidence to support their claim.

The Residents who filed claims and appeared at the hearing failed to present any evidence to prove actual damages. The only damages available to the remaining Residents are those that could be awarded under *Burrow v. Arce, supra*. Moreover, in the Police Officers' claim objection proceeding, the court found that the Debtor took all the contingent fees due to him from the police officers and contractors' portion of the settlement without their permission and in breach of his fiduciary duty and contract of employment. The Police Officers were awarded actual damages for the Debtor's conduct. The Residents, however, actually received a higher amount than that to which they were entitled because of the Debtors' method of distribution. Accordingly, the Residents are not entitled to any actual damages.

The *Burrow* case held that a client need not prove actual damages in order to obtain forfeiture of an attorney's fees for the attorney's breach of fiduciary duty to the client. *Burrow v. Arce, supra*."To determine whether a lawyer should forfeit all or a portion of his fees, the court must apply the rule in the Restatement. *Id.* A lawyer engaging in clear and serious violation of duty to a client may be required to forfeit some or all of the lawyer's compensation for the matter." *Restatement (Third) of the Law Governing Lawyers*, §37 (2004). "A violation is clear if a reasonable lawyer, knowing the relevant facts and law reasonably accessible to the lawyer, would have known that the conduct was wrongful." *Restatement (Third) of the Law Governing Lawyers* §37, Comment d. A violation must also be serious. In determining whether a clear and serious violation occurred, several relevant factors must be considered: (1) the extent of the misconduct is one factor; (2) whether there is a repeated or continuing violation versus a single incident; (3) whether the breach involved knowing violation or conscious disloyalty to a client. *Id*.

The court finds that a partial forfeiture is warranted. As a regular practitioner in personal injury law, Debtor is charged with knowing the Rules of Professional Conduct regarding aggregate settlement of mass tort cases. He knowingly failed to advise the Residents of his intended manner of distributing the settlement proceeds. He knowingly failed to obtain the Residents' consent to his method of distribution.

In the Police Officers' claim objection, the court treated the settlement allocation as two funds and awarded actual damages to the Police Officers in addition to *Burrow* damages. The Debtor, however, treated the settlement as one fund in determining his fees. Thus, for the purposes of fee forfeiture under *Burrow,* it is not inconsistent for the court to hold the debtor liable for both damages and forfeiture based upon two funds in the Police Officers' claim and for forfeiture based upon one fund for the Residents. Debtor could have avoided the confusion simply by proper disclosure to his clients.

As to the Residents who filed proofs of claim timely but did not appear at the hearing, the court finds that their claims should be treated the same as the Residents who appeared. The Local Rules for the Southern District of Texas provide that "[a]n objection to a proof of claim may be sustained on the failure of the claimant to appear at the pre-trail hearing or trial, if the objector has overcome the presumption of validity provided for in FRBP 3001(f)." Rule

3007(a)(4), Bankr. Local Rules, Southern District of Texas. The Court finds that as to the Residents who failed to appear, the Debtor did not overcome the presumption of validity of the fee forfeiture awarded here. The award is based on a legal issue and not evidence presented at the hearing or lack thereof.

For the foregoing reasons, the Court finds that the Debtor's Omnibus Objection to Claims should be overruled in part. Considering the factors outlined in *Burrow, supra*, and the Restatement, the court finds that the Debtor should forfeit fees in an amount equal to ten per cent (10%) of the amount received by those Residents who filed a timely proof of claim. Each Resident who filed a timely proof of claim is entitled to an unsecured claim in the amount of ten percent (10%) of their settlement.

## CONCLUSION

For the reasons stated above, the court finds that the Debtor's Omnibus Objection to Claims of Former Citgo Clients should be SUSTAINED IN PART and OVERRULED IN PART and the following Residents hold unsecured claims against the Debtor in the amounts set forth below:

| Name | Amount |
|---|---|
| Jerry Alvarez, Jr. | $ 72.50 |
| Roy Ayala | $ 50 |
| Patrick James Anderson | $100 |
| Bobby Beasley | $100 |
| Peggy Beasley | $200 |
| Dalia Cantu | $200 |
| Gerald Cantu | $100 |
| Miguel Israel Cantu | $ 72.50 |
| Nancy Cantu | $100 |
| Refugia Cantu | $200 |
| Roberto Cantu | $100 |
| Rodolfo Cantu | $100 |
| Jacqueline P. Coats | $ 50 |
| John Coats | $ 50 |
| Margarita L. Coats | $ 50 |
| Roberta Coats | $ 50 |
| Louella Coleman | $200 |
| Neddra Coleman | $200 |
| Tandalera Cromwell | $200 |
| Elam | $100 |
| Keisha Garcia | $ 72.50 |
| Jacqueline Gleen | $100 |
| Ethel Hatten | $100 |
| Mamie J. Henry | $200 |
| Enrique S. Hernandez | $100 |
| Anita Jackson | $100 |

| | |
|---|---|
| Mary Thomas Kines (Davis) | $200 |
| Betty Ann Martinez | $100 |
| Enrique Martinez | $100 |
| Eric Lee Martinez | $ 50 |
| Michael A. Martinez | $ 50 |
| Robert Abel Martinez | $ 72.50 |
| Barbara A. McAlvin | $200 |
| Hazel McGarity-Johnson | $100 |
| Marta Mireles | $100 |
| Darnell Moore | $100 |
| Lorine Moore | $100 |
| Angelita Mungia | $ 50 |
| Carlos Mungia | $200 |
| Carlos Mungia, Jr. | $200 |
| Jesus Mungia | $ 72.50 |
| Monica Mungia | $ 72.50 |
| Anabel Obregon | $100 |
| Jack Thomas Olivo | $ 50 |
| Manuel Olivo | $ 50 |
| Todd Provst | $100 |
| Julius Lloyd Rice | $100 |
| Leon Rice | $100 |
| Ray Thella Rice | $100 |
| Ofilia Rios a/n/f Alberto Rios | $50 |
| Priscilla Rodriguez | $100 |
| Rose Rodriguez | $200 |
| Tommie Lee Scott | $200 |
| Alberto Sifuentes | $200 |
| Marcus Smith | $100 |
| Jessie Mae Thomas | $100 |
| Beulah M. Waters | $100 |
| Gladys Williams | $100 |

SIGNED 06/28/2005

*[signature]*
RICHARD S SCHMIDT
United States Bankruptcy Judge